E-FILED
Tuesday, 30 November, 2004  08:36:50 AM
Clerk, U.S. District Court, ILCD

RECEIVED
NOV 2 9 2004
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| United States of America ex rel. ) | |
| ) | |
| Angela Little   K87691 ) | |
| ) | Case No. 04-1340 |
| PETITIONER ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Alyssa Williams, Warden ) | |
| ) | |
| RESPONDENT ) | |

PETITION FOR WRIT OF HABEAS CORPUS

PERSON IN STATE CUSTODY

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States of America ex rel. )
Angela Little K87691 )
)
)
PETITIONER ) CASE NO: _____
)
)
vs. )
)
)
Alyssa Williams, Warden )
)
)
RESPONDENT )
)

**PETITION FOR WRIT OF HABEAS CORPUS _ PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Ford County Courthouse, Paxton, Illinois 60957.

2. Date of judgment of conviction: November 19, 1998.

3. Offence of which petitoiner was convicted: First Degree Murder.

4. Sentence imposed: 56 Years.

5. What was your plea? Not guilty.

**PART I   TRIAL AND DIRECT REVIEW**

1. Kind of trial: Jury trial.

2. Did you testify at trial? No.

3. Did you appeal from the conviction or sentence imposed? Yes.

   (A) If you appealed, give the:

   1. Name of the court: Appellate Court 4th District.

   2. Result: Denied.

   3. Date of ruling: July 5, 2000.

   4. Issues raised: The trial court erred by denying defendant's motion to Supress statements made while in custody where the defendant did not make a knowing and intelligent waiver of her right.

- 1 -

Constitutional right

The court erred by denying defendant's motion to disniss where exculpatory evidence was destroyed by the State.

The court erred in barring the testimony of Dr. James Thomas, where expert testimony was admissible as to the effects of narcotics taken by the defendant and her seizure disorder on her ability to knowingly and intelligently waive her right against self-incrimination.

The court erred by barring defendant's expert Dr. Robert Chapmen from testifing regarding defendan't state of mind and intent to commit the offense charged.

The court erred by refusing to strike juror number 41 for cause where said juror lied under oath during the jury selection process.

The State failed to prove defendant's guilt beyond a reasonable doubt.

The court erred in sentencing the defendant to 56 years in the Department of Correction where she had no prior record and mitigating factors that favored a lesser sentence.

4. Did you appeal, or seek leave to appeal, to the highest court?

Yes.

(A) If yes, give the:

1. Result:  Denied.

2. Date of ruling:  July 5, 2000.

3. Issues raised:  Whether the trial court erred by denying defendant's motion to supress statements made while in custody where the defendant did not make a knowing and intelligent waiver of her Constitutional rights.

Whether the court erred by denying defendant's motion to dismiss where exculpitory evidence was destroyed by the State.

-2-

Whether the court erred in barring the testimony of Dr. James Thomas where expert testiomny was admissible as to the effects of narcotics taken by the defendant and her seizure disorder of her ability to knowingly and intelligently waive her right against self-incrimination.

Whether the court erred by barring defendant's expert Dr. Robert Chapman from testifing regarding defendant's state of mind and intent to commit the offense charged.

Whether the court erred by refusing to strike juror number 41 for cause where said juror lied under oath during the jury selection process.

Whether the court failed to prove defendant's guilt beyond a reasonable doubt.

Whether the trial court erred in sentencing the defendant to 56 years in the Department of Corrections where she has no prior record and mitigating factors favoring a lesser sentence.

5. Did you petitoin the Unied States Court for a writ of certiorai? Yes.

    (A) If yes, give (A) date of petition: January 19, 2001.

        (B) date certiorari was denied: Dec. 4, 2000.

## PART II  COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post conviction petition in state court? Yes.

    (A) Name of court: Ford County Courthouse

    (B) Date of filing: January 19, 2001.

    (C) Issues raised: Petitoner was denied Due Process and the right to a fair trial by a panel of impartial jurors under the Unied Staets and Illinois Constitution, thereby denying petitoners Sixth and Fourteenth rights.

Petitioner was denied her Sixth Amendment right to counsel at both trial and on appeal for counsels failure to appeal trial courts denial of Motion to Change Venue during the pretrial proceedings and to raise issues on Direst Appeal.

Petitioners Fourteenth Amendment Due Process rights were violated by her inability to participate and assist in her defense due to her Dependant Persoanlity Disorder.

(D) Did you recieve an evidentiary hearing on your petition? No.
(E) What was the court's ruling? The issues raised were moot.
(F) Date of Court's ruling? April 10, 2001.
(G) Did you appeal from the ruling on your petition? Yes.
(H)   (a) If yes, (1) what was the result? Denied.
             (2) date of decision: January 8, 2003.
(I) Did you appeal, or seek leave to appeal this decision to the highest state court? Yes.

   (a) If yes, (1) what was the result? Denied.
             (2) date of decission? March 29, 2004.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post conviction procedure, such as <u>coram nobis</u> or habeas corpus? No.

3. With respect to this conviction or sentence, have you filed a previous petitoin for habeas corpus in **federal court**? No.

**WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?** No.

### PART III    PETITIONER"S CLAIMS

(A) Ground one: EXCULPITORY EVIDENCE WAS DESTROYED THAT COULD HAVE PROVED THAT THE PETITOINER IS INNOCENT OF THE OFFENSE CHARGED.

In MArch or April of 1998, at the Ford County Sheriff's Department; a note from the petitioner's co-defendant, Carl Dueringer, was passed to another inmate, Christopher Goodrich. The

-4-

Dueringer was passed from himself to a jail trustee, Christopher Goodrich, who then delivered the note to Correctional Officer Timothy Woodmansee. The note said, " sorry about what happened, I planned everything." Goodrich did not want to get involved in this matter, Officer Woodmansee told him that if he did not want to get involved, then he should throw the note away. Officer Woodmansee admitted that he never read the note nor did he take possession of the note. He also admitted that he never filed an incident report about the note.

The note was an admission of guilt by Carl Dueringer as to the offense charged. If that note had been handled as it should have, the petitioner would have been able to admit it into evidence as to her innocense and to Carl Dueringer's guilt. The willful and intentional disregard to this piece of evidence shows that the State did not intend to give the petitioner a fair trial.

(B) Ground two: THE COURT DENIED THE PETITOINER A FAIR TRIAL WHEN JUROR NUMBER 41 SUE JOHNSON WAS NOT DISMISSED WHEN SHE LIED UNDER OATH DURING THE JURY SELECTION PROCESS.

Sue Johnson was given a list of witnesses. She admitted to knowing, Ellen Lee, the Prosecutor's wife. She worked with the petitioner and was familiar with hospital staff. She never stated that she was also familiar with the petitioner's family. WHen questioned later and read the witness list again, she admitted to knowing the petitioner's step-father, Wayne McPherson, who had done work in her home and was scheduled to do more for her in two weeks. She also admitted to knowing petitoiner's step-brother Joshua McPherson through school activities. She also admitted to being an acquaintance with Lt. Patrick Duffy. The court denied defenses cause challenge, instead the defense was to use a pre-emptory challenge to excuse her.

highest court having jurisdiction?    Yes.

## PART IV    REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _Public Defender_

(B) At arraignment and plea _Public Defender_

(C) At trial _Charles Courtney_

(D) At sentencing _Charles Courtney_

(E) On appeal _Charles Courtney_

(F) Post conviction proceedings _Paige Clark Strawn App Def._

(G) Other (state) _____

## PART V    FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?    No.

WHEREFORE, petitioner prays that the court grants petitioner all relief to which she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

_Angela Little K87691_
Angela Little K87691
P.O. Box 5001
Dwight, Illinois   60420-5001

SUBSCRIBED AND SWORN TO BEFORE ME THIS _30_ day of _September_, 2004.

_Beatrice E. Stanley_
NOTARY PUBLIC

"OFFICIAL SEAL"
BEATRICE E. STANLEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/06

IN THE
<u>US District Judicial court</u>
<u>Central District of Illinois</u>

<u>Angela Little K87691</u>
Plaintiff,

)
)
) Case No. <u>04-1340</u>
)

v.

)
)

<u>Alyssa Williams, Warden</u>
Defendant

)

**FILED**

OCT 04 2004

## PROOF/CERTIFICATE OF SERVICE

TO: <u>U.S. District Court</u>
<u>Central District of Illinois</u>
<u>201 S. Vine</u>
<u>218 U.S. Courthouse</u>
<u>Urbana, IL 61801</u>

TO: <u>Lisa Madigan</u>
<u>100 W. Randolph</u>
<u>Chicago, IL 60601</u>

PLEASE TAKE NOTICE that on <u>September 30</u>, 20<u>04</u>, I have placed the documents listed below in the institutional mail at <u>Dwight</u> Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: <u>Habeas Corpus</u>

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: <u>September 30, 2004</u>

/s/ <u>Angela Little</u>
NAME: <u>Angela Little</u>
IDOC#: <u>K87691</u>

<u>Dwight</u> Correctional Center
~~P.O. BOX~~ <u>23813 E. 3200 N. Rd.</u>
<u>Dwight</u>, IL <u>60420</u>

Revised Jan 2002